UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EDNA IGARTUA,

                      Plaintiff,

-against-

DEPARTMENT OF HOMELESS SERVICES;
ADMINISTRATION OF CHILDREN SERVICES;
CHILD PROTECTIVE SERVICES,

                      Defendants.
---------------------------------------------------------------x

MEMORANDUM & ORDER

10-CV-940 (ENV)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 1 1 2010
P.M.
TIME A.M.

**VITALIANO, D.J.**

*Pro se* plaintiff Edna Igartua filed this action on February 25, 2010. Her request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted solely for the purpose of this Order. The Court dismisses the complaint and directs plaintiff to file an amended complaint within 30 days.

## BACKGROUND

This is not the first time that plaintiff has filed an action in this Court. On July 7, 2009, plaintiff filed a civil rights action against Elmhurst Hospital, in which she alleged that she was mistreated and her son was injured at the time of his birth while she was a psychiatric patient in the custody of the City of New York Department of Corrections. Igartua v. Elmhurst Hosp. D-11 Psychiatric Ward, No. 09-CV-3287 (E.D.N.Y., Vitaliano, J.). The case remains pending. On September 28, 2009, and November 18, 2009, plaintiff filed two complaints which the Court liberally construed as related and asserting wrongful removal of her child and deprivation of custody. Igartua v. Dep't of Soc. Servs., No. 09-CV-4356 (E.D.N.Y., Vitaliano, J.); Igartua v. Admin. of Children Servs. & Child Protective Serv., No. 09-CV-5225 (E.D.N.Y., Vitaliano, J.). Finding that both complaints failed to set forth sufficient allegations to support the claims, the

1

Court dismissed the actions and granted plaintiff 30 days to file a single amended complaint naming individual defendants and describing the circumstances of her children's removal. Plaintiff failed to respond, and the complaints were dismissed on January 26, 2010. Both actions are currently pending in the Second Circuit Court of Appeals. Finally, on the same day that plaintiff filed the current action, she also filed another action against the New York City Police Department.[1] Igartua v. N.Y. City Police Dep't, No. 10-CV-939 (E.D.N.Y., Vitaliano, J.)

Plaintiff's instant complaint states, in total, "the ACS try to use my children as a business profiting off of children and try to." Compl. at III. It does not state what remedy she is seeking.

## DISCUSSION

The Court cannot allow plaintiff's claims to go forward, as defendants will be unable to meaningfully respond to the instant complaint. Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims for relief, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965); see also In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Nor will a complaint that fails to provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow

---

[1] The Court will address plaintiff's complaint in that action in a separate Memorandum and Order on that docket.

the application of res judicata, and identify the nature of the case") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, in reviewing the complaint, the Court is mindful that because plaintiff is proceeding *pro se,* her submission should be held "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980) (internal quotation marks omitted) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct 594, 595 (1972)), and must be interpreted as raising the strongest argument it suggests. See McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Construing the complaint liberally, plaintiff appears to assert a civil rights claim arising from the treatment of her children. Beyond that, however, the Court cannot discern any substantive allegation. The complaint plainly fails to satisfy Iqbal. Furthermore, to the extent plaintiff wishes to bring a civil rights action pursuant to 42 U.S.C. § 1983, the named defendants, three agencies of the City of New York, lack independent legal existence and cannot be sued. See Koulkina v. City of New York, 559 F. Supp. 2d 300, 315 (S.D.N.Y. 2008); Basnight v. Rossi, No. 97-CV-1312, 2003 WL 722810, at *3 (E.D.N.Y. Mar. 4, 2003). For these reasons, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, plaintiff is granted leave to amend the complaint within 30 days. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that her amended complaint must comply with Federal Rule of Civil Procedure 8(a). Should plaintiff elect to file an amended complaint, she must name the individual defendants who were involved and describe the circumstances of the alleged deprivation of her civil rights. Even if plaintiff does not know the names of those individuals, she may identify each of them as John Doe or Jane Doe and must, to the best of her ability, describe the role he or she played in the alleged deprivation, including the dates and locations for each relevant event. A municipality may be held liable under § 1983 only to the extent that a municipal policy or custom caused the alleged deprivation of rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035-36 (1978).

The amended complaint must be captioned as an "Amended Complaint," and shall bear the docket number 10-CV-939. It must be submitted to the Court within 30 days from the date of this Order. All further proceedings shall be stayed for 30 days. If plaintiff fails to comply with this Order within the time allowed, judgment shall be entered dismissing plaintiff's complaint. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 10, 2010

ERIC N. VITALIANO
United States District Judge